**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-6186**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN ANTHONY CAPERS,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:92-cr-00446-DCN-7; 2:05-cv-02143-DCN)

---

Submitted: May 3, 2006                   Decided: May 24, 2006

---

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

John Anthony Capers, Appellant Pro Se. Robert Hayden Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Anthony Capers seeks to appeal the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Capers has not made the requisite showing. Accordingly, we deny Capers' motion for a certificate of appealability and dismiss the appeal.[*] We dispense with oral argument because the facts and legal contentions are adequately

---

[*]To the extent Capers' motion could be construed as a motion to recall the mandate, an appellate court has the inherent power to recall its mandate, but this power should only be exercised in extraordinary circumstances. Calderon v. Thompson, 523 U.S. 538, 549-50 (1998); Alphin v. Henson, 552 F.2d 1033, 1035 (4th Cir. 1977). Capers has not alleged such extraordinary circumstances.

- 2 -

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
